UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR PERRY, JR., derivatively on Behalf of OTI ENTERPRISES, LLC, OLT STAFFING, INC., OTI TRUCKING, LLC, and ONLINE TRANSPORT INT'L, LLC,

    Plaintiffs,

v.                                                  Case No: 8:24-cv-2442-CEH-SPF

AUSTIN TAYLOR, individually, and OTI ENTERPRISES, LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Remand and Motion for Attorney's Fees and Costs (Doc. 14). In their motion, Plaintiffs seek an order remanding this action to Hillsborough County state court because removal was defective and for lack of subject-matter jurisdiction. Defendants filed a response in opposition. Doc. 15. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiffs' Motion to Remand and remand this action to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Plaintiffs' request for attorney's fees and costs will be denied.

## BACKGROUND

In this derivative action, Plaintiff Arthur Perry, Jr., on behalf of OTI Enterprises, LLC; OLT Staffing, Inc.; OTI Trucking, LLC; and Online Transport Int'l, LLC, sues Defendants Austin Taylor and OTI Enterprises, LLC in an eight-count Complaint for breach of contract and breach of fiduciary duty. Doc. 1-1. This is one of three actions involving these parties. The two other cases are *Austin Taylor; OTI Enterprises, LLC; OLT Staffing, Inc.; OTI Trucking, LLC; and Online Transport Int'l, LLC v. Artur Perry, Jr.*, Case No.: 23-CA-012246, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida ("the First Action"), which has been consolidated in state court with *Arthur Perry, Jr. v. Austin Taylor and OTI Enterprises, LLC*, Case No.: 23-CA-012251, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida ("the Second Action"). Doc. 1 at 1–2. The First Action and Second Action were both filed in state court on May 2, 2023. Docs. 14-2, 14-3. The two actions were consolidated on January 8, 2024, and remain pending. Doc. 14-4.

Prior to the state court's consolidation of the First and Second Actions, Perry filed an amended complaint in the Second Action, wherein he sued in his individual and derivative capacities. Doc. 14-5. Defendants Austin Taylor and OTI Enterprises, LLC, moved to dismiss the amended complaint. Doc. 14-6. On August 13, 2024, the state court granted the motion to the extent that the state court directed Perry to file a separate (third) action on his derivative claims. Doc. 14-8. In accordance with the state court order, Perry filed a derivative action on August 23, 2024, Case No. 24-CA-

2

006891 ("the Third Action"), which is the instant removed action. *See* Doc. 1-1. In the Third Action, Austin Taylor filed a waiver and acceptance of service on September 20, 2024. Defendants removed the action to federal court on October 22, 2024. Doc. 1. The Notice of Removal seeks to consolidate the removed Third Action with the First Action and Second Action. *Id.* at 1–2.

## DISCUSSION

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Defendants seek to remove the case under 28 U.S.C. § 1332, predicated on the Court's diversity jurisdiction. Removing Defendants bear the burden of establishing that removal is proper.

Procedurally, removal is governed by Title 28 U.S.C. § 1446, which mandates:

> The notice of removal of a civil action or proceeding *shall* be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added). Time limitations in removal statutes are mandatory and strictly construed in accordance with Rule 6 of the Federal Rules of

Civil Procedure, and the failure to comply with the time requirement of Section 1446(b) is a defect resulting in improper removal. *London v. United States Fire Ins. Co.*, 531 F.2d 257, 259 (5th Cir. 1976).[1]

As a preliminary matter, the Court cannot combine this action with the First and Second Actions which are pending in state court. The cases must first be successfully removed to federal court, and then the Court will consider consolidation—or transfer and then consolidation in the event cases are assigned to different district judges. *See, e.g.,* M.D. Fla. Local Rule 1.07. To the extent Defendants think filing a single notice of removal for one state court action will suffice to remove three cases, they are mistaken. *See* 28 U.S.C. § 1446; *see also* M.D. Fla. Local Rule 1.06. Thus, the only Removal Notice before the Court is regarding the Third Action, and the removal is untimely, and therefore defective.

Plaintiffs argue remand is required because removal was filed more than 30 days after Defendants were served. The Court agrees. Taylor was served on September 20, 2024. Thirty days from that date would be October 20, 2024, but because October 20, 2024, was a Sunday, the Notice of Removal was due on the next day that was not a Saturday, Sunday or holiday, which would have been Monday, October 21, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C). However, Defendants did not file their Notice of Removal until Tuesday October 22, 2024.

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

4

Defendants attach to the Notice of Removal a Declaration of counsel explaining the untimely filing was due to an "issue" with counsel's PACER account. Doc. 1-2. Counsel ultimately received a message that his account was inactive, despite a prior notification four hours earlier that his account was active. After speaking with the PACER Help desk the next morning, counsel states the technical issue was resolved and he was able to file the Notice of Removal on October 22, 2024. In response to the motion for remand, Defendants argue that a calendaring error and PACER filing account issues constitute excusable neglect for the untimely filing.

A removing defendant carries the burden of demonstrating that removal is not procedurally defective and otherwise effected properly under § 1446. *Lampkin v. Media General, Inc.*, 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004). A party opposing removal may file a motion to remand the case to the state court based on a defect in the removal of the case, such as an untimely filed notice of removal. *See* § 1447(c); *Harris Corp. v. Kollsman*, Inc., 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000). Removal statutes are to be strictly construed against removal, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994) ("removal statutes are construed narrowly"), and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Id.* at 1321.

Defendants have cited no facts to support their contention that removal was timely. To the contrary, they urge that good cause exists to excuse the untimely filing. But the thirty-day time limit is mandatory, and thus the Court is without discretion to

extend the time. *See* 28 U.S.C. § 1446(b)(1) (removal notice shall be filed in thirty days); *see also Torres v. AIG Claim Servs., Inc.*, 957 F. Supp. 1271, 1273 (S.D. Fla. 1997) ("While the thirty-day period is not jurisdictional, it is a strictly applied rule of procedure that may not be extended by the court."). Although the thirty-day removal period is mandatory, it may be "waived by the parties by affirmative conduct or unequivocal assent." *Noyes v. Universal Underwriters Ins. Co.*, No. 8:12-CV-2522-VMC-AEP, 2013 WL 360381, at *2 (M.D. Fla. Jan. 30, 2013) (citing *Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993)). However, there has been no waiver or consent by Plaintiffs here. Because Defendants failed to file their Notice of Removal within thirty days of Defendant being served, removal is untimely and therefore defective. The action is due to be remanded.

Having determined that remand is warranted, the Court turns to the issue of costs and fees. Plaintiffs seek attorney's fees and costs associated with the improvident removal, which the Court may award, in its discretion, under 28 U.S.C. § 1447(c). Plaintiffs argue they are entitled to fees and costs because Defendants lacked an objectively reasonable basis for seeking removal. The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). After review of all relevant materials, the Court disagrees with Plaintiffs' assertion that Defendants had no objectively reasonable basis for removal. While Defendant's removal was ultimately unsuccessful, the Court cannot state that Defendants' attempt at removal was objectively unreasonable.

6

Therefore, the Court declines to award Plaintiffs attorney's fees and costs for improper removal. Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Motion for Remand (Doc. 14) is **GRANTED in part** and **DENIED in part**.

2. This case is **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

3. The motion is **DENIED** to the extent Plaintiffs seek attorney's fees and costs.

4. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

5. The Clerk is further directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on April 2, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any